BEN PATRICK (SBN 244092)
Ben.Patrick@WilsonElser.com
**WILSON, ELSER, MOSKOWITZ,
 EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105-2725
Telephone:    (415) 433-0990
Facsimile:     (415) 434-1370

Attorneys for Plaintiff
MP NEXLEVEL OF CALIFORNIA, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### FRESNO DIVISION

| | |
|---|---|
| MP NEXLEVEL OF CALIFORNIA, INC., | Case No. 1:14−CV−00857−JAM—BAM |
| Plaintiff, | **FURTHER STIPULATION AND PROPOSED ORDER TO RESCHEDULE RULE 26(f) CONFERENCE** |
| v. | |
| APEX DIRECTIONAL DRILLING, LLC, | |
| Defendant. | |

    Plaintiff MP Nexlevel of California, Inc. ("MP Nexlevel") and Defendant Apex Directional Drilling, LLC ("Apex"), through their attorneys of record, stipulate as follows:

    1.    Pursuant to the Stipulation and Order previously entered by the Court (docket entry 22), the parties are to conduct a Rule 26(f) Scheduling Conference and provide the Court with a joint status report no later than sixty days after the Court's ruling on Apex's motion to dismiss (docket entry 18).

    2.    On September 10, 2014, Apex withdrew its motion to dismiss (docket entry 26). Because there will be no Court ruling on the motion to dismiss, the parties have treated September 10, 2014 as the equivalent of a Court ruling, triggering the sixty-day deadline to provide the Court with a joint status report. That would make the report due on November 10, 2014.

    3.    On February 28, 2014, MP Nexlevel commenced an action in the United States

-1-

District Court for the Eastern District of California, captioned *MP Nexlevel of California, Inc. v. CVIN, LLC et al.*, case no. 1:14-cv-00288-LJO-GSA (the "CVIN Litigation"). The CVIN Litigation is related to this case, and was identified as a related matter on MP Nexlevel's civil cover sheet for this case (docket entry 1-3).

4. On September 26, 2014, MP Nexlevel served Apex with a third-party complaint in the CVIN Litigation (CVIN Litigation docket entry 108). The issues and claims contained in MP Nexlevel's third-party complaint against Apex in the CVIN Litigation are substantially the same as the issues and claims raised by MP Nexlevel's complaint against Apex in this case.

5. Apex contests the validity of the issues and claims contained in MP Nexlevel's complaint against Apex in this case, as evidenced by its answer, affirmative defenses, and counterclaims served on October 8, 2014 (docket entry 27). Apex will contest the validity of the issues and claims contained in MP Nexlevel's third-party complaint against Apex in the CVIN Litigation. Apex's answer to the third party complaint is due on or before November 25, 2014.

6. On October 20, 2014, all parties in the CVIN Litigation (including MP Nexlevel and Apex) participated in a Rule 26(f) Scheduling Conference. The parties will also appear for a Mandatory Scheduling Conference before the CVIN Litigation court on November 12, 2014.

7. Because the issues presented in the CVIN Litigation are substantially the same as the issues presented in this case, both MP Nexlevel and Apex believe that consolidation or coordination of these two cases is appropriate. MP Nexlevel and Apex intend to raise that issue during the November 12, 2014 initial scheduling conference before the CVIN Litigation court. MP Nexlevel and Apex will then promptly file the appropriate motion to achieve either consolidation or coordination of these two cases.

8. Because these two cases present a classic scenario for consolidation or coordination, and because MP Nexlevel and Apex have participated in a Rule 26(f) Scheduling Conference in the CVIN Litigation, the parties believe it would be a waste of time and resources to conduct a further Rule 26(f) Scheduling Conference, or an Initial Scheduling Conference before the Court, until the issue of consolidation or coordination has been resolved.

9. Therefore, MP Nexlevel and Apex hereby stipulate, and request that the Court

1  order, that the parties need not file a joint scheduling report in this case until thirty days after the
2  resolution of the consolidation/coordination issue.
3  IT IS SO STIPULATED

5  Dated: October 29, 2014                **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

   */s/ Ben Patrick*
8  Ben Patrick, Esq. (SBN 244092)
   Attorneys for Plaintiff
9  MP NEXLEVEL OF CALIFORNIA, INC.

10 Signature authorized: October 29, 2014   **TONKON TORP, LLP**

12   */s/ David Rabbino*
     David Rabbino, Esq. (SBN 181291)
13   Attorneys for Defendant
     APEX DIRECTIONAL DRILLING, LLC

<tr>
<td></td>
</tr>

**ORDER**

The foregoing Stipulation of the parties is hereby approved, and pursuant to the Stipulation, IT IS HEREBY ORDERED that the parties need not file a joint scheduling report in this case until thirty days after the resolution of the consolidation/coordination issue.  The parties shall promptly notify the Court when the consolidation/coordination issue has been resolved.

BY THE COURT:

Dated:  10/29/2014

/s/ John A. Mendez
Hon. John A. Mendez
United States District Court Judge